Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50412 | **DATE** | 5/2/2003 |
| **CASE TITLE** | Ganan, et al vs. Martinez Mfg. Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Amend is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY - 2 2003 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/2/2003 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| TAMMY GANAN,<br>THERRIE G. QUATRINI,<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ MANUFACTURING, INC.,<br>An Illinois Corporation<br><br>Defendant. | Case No. 02 C 50412<br><br>Philip G. Reinhard<br>P. Michael Mahoney |

## Memorandum Opinion and Order

Tammy Ganan ("Ganan") and Therrie Quatrini ("Quatrini")(collectively "Plaintiffs") filed, on March 24, 2003, a Motion for Leave to File Amended Complaint at Law ("Plaintiffs' Motion to Amend") seeking to add two counts of malicious prosecution and two counts of abuse of process. This court ordered both parties to submit briefs in regards to their positions to Plaintiffs' Motion to Amend. Plaintiffs filed their Brief in Support of Motion for Leave to File Amended Complaint at Law ("Plaintiffs' Brief in Support") on April 16, 2003. Martinez Manufacturing ("Defendant") filed its Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint ("Defendant's Brief in Opposition") on April 17, 2003. For the following reasons, Plaintiffs' Motion to Amend is granted.

## Background

Plaintiffs' two count complaint alleges that Ganan was hired by Defendant in February 2001 and Quatrini was hired by Defendant in September 2000. (Compl. at ¶¶ 11, 13). Plaintiffs allege that sometime around September 7, 2001, Richard Martinez ("Martinez"), vice-president of Defendant corporation, made repeated sexually suggestive, unwelcome and unwanted comments of

a sexual nature to Ganan. (Compl. at ¶14). These remarks allegedly occurred throughout Ganan's employment with Defendant. Ganan then allegedly complained about Martinez's behavior to Shelia Splitt, Defendant's Customer Service Representative, while Quatrini complained to Pam Mysliwiec ("Mysliwiec"), Defendant's Human Resources Supervisor. (Compl. at ¶16). Plaintiffs allege that following their complaints of sexual harassment, Mysliwiec offered Plaintiffs unemployment compensation and two months of medical insurance if Plaintiffs would drop their claims of sexual harassment. (Compl. at ¶17). Plaintiffs allegedly refused and both were terminated on July 10, 2002.

Subsequent to Plaintiffs termination, Defendant filed a lawsuit, some three weeks after Plaintiffs were terminated, against Plaintiffs in the Circuit Court of McHenry County. (Pls.' Mot. for Am. Compl. Ex. A at 9-10)(citing *Martinez Manufacturing, Inc. v. Therrie G. Quatrini and Tammy Ganan*, No. 02 CH 529). Defendant maintained that Plaintiffs appropriated proprietary information from Defendant and either distributed it to a competitor or intended to do so. Plaintiffs maintain, and the court has no information to the contrary, that the lawsuit was terminated in Plaintiffs' favor as Defendant dismissed the matter with prejudice on October 11, 2002. *Id.* at 10-11.

On March 24, 2003, Plaintiffs filed their Motion to Amend seeking to add two counts (one count by each Plaintiff) of malicious prosecution arising from Defendant's lawsuit against Plaintiffs in the Circuit Court of McHenry County. Plaintiffs maintain Defendant brought the lawsuit maliciously and without probable cause. (Pls.' Mot. for Am. Compl. Ex. A at 10-11). Additionally, Plaintiffs seek to add two counts (one count for each Plaintiff) of abuse of process also arising from Defendant's lawsuit against Plaintiffs in the Circuit Court of McHenry County. Plaintiffs maintain Defendant had "an ulterior motive in attempting to dissuade" Plaintiffs from exercising their legal

rights of filing a charge with the EEOC and/or Illinois Department of Human Rights. *Id.* at 11-12.

Defendant objects to Plaintiffs' Motion to Amend on the grounds that this court lacks supplemental jurisdiction over Plaintiffs' proposed claims. (Def.'s Br. in Opp'n at 2). Defendant argues that (1) because the events which constitute the federal claim occurred prior to those events which constitute the state law claim, the court does not have supplemental jurisdiction; and (2) there is no common nucleus of operative fact between the events leading to the federal claim and the events leading to the state claim. (*Id.* at 3-5).

## Discussion

Generally, a leave to amend the complaint is liberally granted. Fed. R. Civ. P. 15(a). However, the granting or denying of the opportunity to amend is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The court will deny a leave to amend where it would either prejudice the opposing party or result in the addition of a futile claim or allegation. *Id.* An amendment is futile where it is incapable of surviving a motion dismiss. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Thus, if Plaintiffs' two counts of malicious prosecution and two counts of abuse of process would not withstand a motion to dismiss based on, as Defendant asserts, the fact that the court lacks supplemental jurisdiction, then Plaintiffs should not be allowed to amend their complaint. The court must therefore first determine if Plaintiffs' four added counts fall within the court's supplemental jurisdiction.

Section 1367(a) dictates that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). A claim is so related when the federal and state claims "derive from a common nucleus

3

of operative facts" and the claims are such that one would "ordinarily expect to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In order to satisfy the "common nucleus of operative facts" standard, the facts involved in the state claim need only be loosely connected to the federal claim. *See Channell v. Citicorp*, 89 F.3d 379, 385 (7th Cir. 1996). Two factors courts generally look at to determine whether the state and federal claims are so related as to form part of the same case or controversy are: (1) whether the state claim realleges and incorporates allegations contained in the federal claim and (2) the temporal relationship between the two claims. *See Murphy v. Village of Hoffman Estates*, 959 F.Supp. 901, 905 (N.D. Ill. 1997).

Turning to the first factor, the court notes initially that Plaintiffs' Amended Complaint reincorporates and realleges the allegations contained in Plaintiffs' sexual harassment claim – a federal claim. *See Banks v. Chicago Board of Education*, 895 F.Supp. 206, 208 (N.D. Ill. 1995)(stating "the state law wrongful termination claim, incorporates all of the factual allegations made in Count I ... . Because Count II alleges by reference the identical factual situation alleged in Count I, there is sufficient connection ... for this Court to have subject matter jurisdiction ... .") Plaintiffs' claims of malicious prosecution and abuse of process stem from the same employer/employee relationship in which Plaintiffs' sexual harassment and retaliation claims arise. Defendant allegedly sued Plaintiffs in the Circuit Court of McHenry for appropriating proprietary information from Defendant and either distributing it to a competitor or intending to do so. Plaintiffs maintain the lawsuit in the Circuit Court of McHenry is in furtherance of Defendant's attempts to harass Plaintiffs as a result of Plaintiffs' and Defendant's employer/employee relationship. Unlike other situations in which the subsequent state law claim is unrelated to the federal claim, in this case, Plaintiffs' state law claims of malicious prosecution and abuse of process are an extension of

4

Plaintiffs' claims for sexual harassment and retaliation and a furtherance of the relationship between Plaintiffs and Defendant.

As to the second factor, the temporal relationship, while there appears to be no set time that precludes a state claim from being brought with a federal claim, this court's research has uncovered cases in which the temporal relationship was too remote where the state claim happened many months after the federal claim. In the instant case, the malicious prosecution and abuse of process happened three weeks apart – a far fetch from the five or six month separation found in other cases. *See Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 258 (N.D. Ill. 1992)(stating the federal claim occurred six months prior to the state claim); *Migon v. Thorek Hospital and Medical Center*, Nos. 86 C 5280, 86 C 5283, 1989 WL 121286 (N.D. Ill. Oct. 3, 1989)(finding the federal claim occurred six months prior to the state claim). Therefore, because Plaintiffs' Amended Complaint reincorporates and realleges the allegations contained in Plaintiffs' federal claim, and there appears to be a temporal relationship between the federal and state claim, and because both these factors reinforce the notion that the four state claims are a further extension of the continuing employer/employee relationship between Plaintiffs and Defendant, the court finds that there is a common nucleus of operative fact and grants Plaintiffs' Motion to Amend.

Defendant, in opposition, relies heavily on *Freiburger*. In *Freiburger*, plaintiffs, all former employees of defendant, attempted to elect the International Brotherhood of Teamsters as their collective bargaining representative. On January 25, 1991, defendant learned of plaintiffs' union activities and fired plaintiffs. The named plaintiff was offered employment with another employer on July 15, 1991. On July 11, 1991, an agent of defendant spoke with the named plaintiff's new supervisor and told him, among other things, that plaintiff was involved in a lawsuit and that "it was

5

a mistake to hire him." Plaintiff filed a five-count amended complaint, with four of the five counts based on supplemental state claims. Defendant in *Freiburger* argued that three of the five counts, all supplemental state claims, should be dismissed for lack of jurisdiction because the actions within the three counts did not evolve from a common nucleus of operative fact. 795 F.Supp. at 256. In dismissing one of the three supplemental claims, Judge Reinhard stated "[t]his court notes that plaintiffs have not even realleged or incorporated in Count III any of the facts alleged in Count I." *Id.* In dismissing the second of three supplemental state claims, Judge Reinhard stated "[w]hen events which constitute plaintiff's federal claim occur prior to those which constitute the state law claim, the court does not have pendent jurisdiction," and further "the operative facts involved in Count V ... do not derive from the operative facts in Count I." *Id.* at 258 (citing *Sanders v. Duke University*, 538 F.Supp. 1143, 1148 (M.D.N.C. 1982)).

In distinguishing this case from *Frieburger*, the court first notes that Plaintiffs' Amended Complaint does reallege and reincorporate allegations contained in the federal claim. Additionally, where in *Frieburger* Judge Reinhard, in one supplemental count, found no common facts between the federal count and the state claim count because the state claim count, although they alleged the same tort, did not arise out of a common nucleus of operative fact, in the instant case, Plaintiffs' state law claims do arise from a common nucleus of operative fact in that they are a continuation of the employer/employee relationship between Plaintiffs and Defendant and Plaintiffs state law claims are a furtherance of that relationship.

As to Defendant's other assertion and reliance on *Frieburger*, that because the events which constitute Plaintiffs' federal claim occurred prior to those which constituted the state law claim the court does not have supplemental jurisdiction, the court finds Defendant's interpretation incorrect.

This court does not believe Judge Reinhard made a blanket statement intended to cover every situation where the state claim occurred subsequent to the federal claim. *See Murphy*, 959 F.Supp. at 905 ("***Often***, where the events that form the basis of the plaintiff's federal claims occur prior to those which constitute his state law claim, the separate time frames signal the lack of a 'common nucleus of operative facts.'")(internal citation omitted)(emphasis added). If that were the case, then the initial determination and ultimate test would be purely timing and not whether there was a common nucleus of operative fact. While this court does not dispute the notion that timing should be a consideration, ultimately the doctrine of supplemental jurisdiction applies "only where a state claim is joined with a federal claim and both claims are derived 'from a common nucleus of operative fact.'" *Beach v. KDI Corp.*, 490 F.2d 1312, 1319 (3d Cir. 1974).[1] Thus, the court finds this case distinguishable from *Freiburger* and grants Plaintiffs' Motion to Amend.

### Conclusion

For the above stated reasons, Plaintiffs' Motion to Amend is granted.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/2/03

---

[1] The court cites *Beach* because Judge Reinhard in *Freiburger* cited *Sanders*, which in turn cited *Beach* for the proposition that when the state claim occurs subsequent to the federal claim then the court does not have jurisdiction. It is doubtful *Beach* is as strong as the *Sanders* court thought.

7