# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50412 | **DATE** | 8/12/2003 |
| **CASE TITLE** | Ganan, et al vs. Martinez Mfg. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Defendant's Motion to Compel is denied. Plaintiffs' Motion to Modify Protective Order is granted in part and denied in part. This Court orders the "Attorneys' Eyes Only" designation be removed from documents 411 – 447 and instead the documents be designated as "Confidential." As such, Plaintiffs may view documents 411 – 447 but must still adhere to the Agreed Protective Order. Additionally, Defendant is to designate a 30(b)(6) witness, if requested by Plaintiffs, to testify as to documents 448 – 547.

(11) ■ [For further detail see order attached to the original minute order.]

| | | Document Number |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | AUG 12 2003 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 8/12/2003 |
| | | date mailed notice |
| sp | courtroom deputy's initials | sp7 |
| | Date/time received in central Clerk's Office | mailing deputy initials |

U.S. DISTRICT COURT
CLERK

03 AUG 12 PM 2: 06

FILED-WD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAMMY GANAN,<br>THERRIE G. QUATRINI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 50412 |
| | ) | |
| MARTINEZ MANUFACTURING, INC., | ) | Philip G. Reinhard |
| An Illinois corporation, | ) | P. Michael Mahoney |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Martinez Manufacturing, Inc. ("Defendant") filed, on July 28, 2003, a Motion to Compel the Deposition of Attorney Eugene K. Hollander ("Defendant's Motion to Compel"). Tammy Ganan ("Ganan") and Therrie Quatrini ("Quatrini")(collectively "Plaintiffs") filed their Response to Motion to Compel the Deposition of Attorney Eugene K. Hollander ("Plaintiffs' Response") on August 5, 2003. Also on August 5, 2003, Plaintiffs filed, under seal, an Amended Motion to Modify Protective Order ("Plaintiffs' Amended Motion to Modify Protective Order"). Defendant filed its Response to Plaintiffs' Amended Motion to Modify the Protective Order ("Defendant's Response") on August 6, 2003. For the following reasons, Defendant's Motion to Compel is denied and Plaintiffs' Amended Motion to Modify Protective Order is granted in part and denied in part.

### Background

The facts of this case have been discussed in greater detail in one of this Court's previous opinions, *Ganan v. Martinez*, No. 02 C. 50412, 2003 WL 21000385 (N.D. Ill. May 2, 2003), and thus, for the purposes of this discovery motion, this Court will only briefly summarize the

relevant facts here.

Plaintiffs' two count complaint alleges that Ganan was hired by Defendant in February 2001 and Quatrini was hired by Defendant in September 2000. (Compl. at ¶¶ 11, 13). Plaintiffs allege that sometime around September 7, 2001, Richard Martinez ("Martinez"), vice-president of Defendant corporation, made repeated sexually suggestive, unwelcome and unwanted comments of a sexual nature to Ganan. (Compl. at ¶14). These remarks allegedly occurred throughout Ganan's employment with Defendant. Ganan then allegedly complained about Martinez's behavior to Shelia Splitt, Defendant's Customer Service Representative, while Quatrini complained to Pam Mysliwiec ("Mysliwiec"), Defendant's Human Resources Supervisor. (Compl. at ¶16). Plaintiffs allege that following their complaints of sexual harassment, Mysliwiec offered Plaintiffs unemployment compensation and two months of medical insurance if Plaintiffs would drop their claims of sexual harassment. (Compl. at ¶17). Plaintiffs allegedly refused and both were terminated on July 10, 2002.

Subsequent to Plaintiffs' termination, Defendant filed a lawsuit, some three weeks after Plaintiffs were terminated, against Plaintiffs in the Circuit Court of McHenry County. (Pls.' Mot. for Am. Compl. Ex. A at 9-10)(citing *Martinez Manufacturing, Inc. v. Therrie G. Quatrini and Tammy Ganan*, No. 02 CH 529). Plaintiffs current counsel, Eugene K. Hollander, allegedly represented Plaintiffs in the McHenry County litigation and was able to settle the case.

A. *Defendant's Motion to Compel*

Defendant seeks to compel the deposition of Mr. Hollander apparently because Mr. Hollander was Plaintiffs' counsel (Plaintiffs in this action but actual Defendants in the McHenry County action) during the McHenry County lawsuit. Bizarrely, Defendant's position is Mr. Hollander may have

2

knowledge regarding the "conduct and motivation Defendant had for bringing the McHenry County Action, ... ." (Def.'s Mot. to Compel at 4). Specifically, the Defendant is looking to gain information on any discussions Mr. Hollander had with any persons regarding the McHenry County action, Mr. Hollander's knowledge of potential witnesses and other related issues. (*Id.*). Lastly, Defendant argues that they need to depose Mr. Hollander in order to determine the circumstances surrounding the disposition of the prior McHenry County civil action. (*Id.* at 5).

Plaintiffs' attorney, Mr. Hollander, argues that if Defendant needs certain discovery then surely Defendant can conduct a thorough investigation through traditional means (i.e interrogatories, document request, review the state court file, interview its client or the attorneys representing Defendant), without having to depose the attorney currently representing Plaintiffs. (Pl.'s Resp. at 2). Additionally, Mr. Hollander argues that deposing him while the instant litigation is pending would be a waste of time and money because virtually all of the testimony would be protected by the attorney-client privilege and work product privilege. (*Id.*)

B. *Plaintiffs' Amended Motion to Modify Protective Order*

Plaintiffs argue that the protective order entered by this Court on June 4, 2003 should be modified so that certain documents submitted by Defendant may be disclosed to the individual Plaintiffs. Specifically, Plaintiffs seek to have the "Attorneys Eyes Only" designation of certain documents removed by this Court. (Pls.' Resp. at 2). Plaintiffs' main argument for this Court to remove the "Attorneys Eyes Only" designation is that Defendant does not claim that any privilege attaches to these documents and that the individual Plaintiffs need to look at these documents so as to discuss them with Plaintiffs' counsel. (*Id.*).

## Discussion

This Court will first address Defendant's Motion to Compel the deposition of Mr. Hollander, Plaintiffs' attorney. Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In attempting to collect relevant information "[a] party may take the deposition of any person, including a party, by deposition upon oral examination ... ." Fed. R. Civ. P. 30(a)(1). Rule 37(a)(2)(B) enforces these methods by providing "... if a deponent fails to answer a question propounded or submitted under Rule 30 or 31, ... the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B).

Courts have generally recognized that "an attorney may be deposed, even if he or she represents a party to the litigation in issue. *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 419 (N.D. Ill. 1987)(citing *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983)). However, what has seemingly torn the judges of the Northern District of Illinois is when to allow such a deposition.[1] Where the information sought from the attorney is readily

---

[1] *Compare Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *5 (N.D. Ill. Nov. 13, 1997)(Kocoras, J)(stating that discovery of trial counsel is appropriate only when: "(1) [n]o other means exist to obtain the information other than to depose opposing counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.")(citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), *with QAD Inc. v. ALN Assoc., Inc.*, 132 F.R.D. 492, 495 (N.D. Ill. 1990)(Shadur, J.) (stating that "[w]hat *Shelton* says may fairly (and properly) reflect an attitude of protecting our brethren at the bar, all other things being equal. But stated as a rule of law it must be viewed as wrong, ... .")

available from another source, some courts have turned to Federal Rules of Civil Procedure 26(b)(2) and found that if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive[,] " then the attorney should not be deposed. *See Marco Island*, 117 F.R.D. at 419. This result seems particularly appropriate when a party seeks to depose its opponent's attorney because such a deposition provides "a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Id.* However, other courts have rejected the above mentioned fears and instead adhere to the notion that the attorney's deposition should proceed and when any issues of lawyer-client privilege or work product arise, those issues may be raised by either party and handled by the court. *See QAD*, 132 F.R.D. at 495.

The apparent question this Court must answer before proceeding is whether the information sought from the Mr. Hollander's deposition is readily available from other sources. This Court finds that it is. Defendant seeks to depose Mr. Hollander because

> Mr. Hollander participated in or witnessed events preceding the instant litigation which may relate to issues raised in the instant litigation. Defendant seeks information from Mr. Hollander including his knowledge regarding the conduct and ***motivation Defendant had for bringing the McHenry County Action***, any discussions he had with any persons regarding the same, his knowledge of potential witnesses regarding the same, and other related issues.

(Def.'s Mot. to Compel at 4)(emphasis added). Without discussing how or why Defendant thinks Mr. Hollander can know the motivation for Defendant bringing the McHenry Count action, this Court finds that Mr. Hollander's deposition would be cumulative or duplicative and the information

5

sought can be obtained from another source that is more convenient and less burdensome, such as Defendant's counsel from the McHenry Count case. *See Marco Island*, 117 F.R.D. at 420; Fed. R. Civ. P. 26(b)(2). Mr. Hollander's deposition would only disrupt his ability to prepare his client's case for trial and possibly lead to the disqualification of Mr. Hollander as Plaintiff's counsel, thereby delaying this Court. While this Court does not decide whether Defendant must first show that "no other means exists to obtain the information," this Court does find that Defendant has many other less burdensome sources that will not harass or disrupt Mr. Hollander's attempt to prosecute his client's case. Therefore, Defendant's Motion to Compel is denied. The Defendant is warned any further motions as ridiculous as this one will result in sanctions.

This Court next addresses Plaintiffs' Amended Motion to Modify Protective Order. Modification of a protective order, like the entry of the original protective order, is generally left to the sound discretion of the district court. 6 *Moore's Federal Practice*, §26.106[1] (Matthew Bender 3d ed. 2002). However, unlike the entry of the initial protective order, in deciding whether to modify a protective order, courts tend to apply a different standard depending on whether the person seeking the modification is a party or nonparty. *Id.* In cases where the person seeking the modification is a party, as in the instant case, a court must balance the following factors: good cause; the nature of the protective order; foreseeability of the requested modification; and reliance on the protective order. *Id.* at 26.106[3][a].

The documents in question were filed under seal. As such, this Court will use the stamped number on each document when referring to a specific document or a set of documents. Documents stamped 411-447 are stamped "Attorneys' Eyes Only." For what reason this Court does not know. The documents are not privileged and the Defendant has provided no specific reason for the

6

designation except that the Defendant does not want the documents to be accessible to the public and the Defendant fears the Plaintiffs may turn over the documents to the authorities responsible for investigating potential violations of the Illinois Eavesdropping Act. This Court does not understand why Plaintiffs themselves cannot view documents 411 – 447. The parties are reminded the Agreed Protective Order drafted by the parties and entered by this Court states, "Confidential Materials so designated as described in this paragraph *shall be used only for the purpose of this litigation* and not for any business or other purposes whatsoever, ... ." However, this Court takes no position on what impact this will have on possible future criminal charges. Lastly, this Court orders that documents 411 – 447 be filed under seal whenever placed in the court file.

As for documents 448 – 547, this Court has a few concerns. Defendant argues that documents 448 – 547 contain confidential business information such as specific customer information, customer requirements and order histories, sales data, pricing information, and financial information. Plaintiffs do not dispute this assertion and this Court accepts Defendant's assertion. Defendant argues that Plaintiffs now or have in the past been associated, either directly or indirectly, with a competitor. Plaintiffs argue that they need the documents so they can "explain to their counsel what these documents are and how they are relevant to this litigation." (Pls.' Amended Mot. to Modify Protective Order at 2). If Plaintiffs' counsel does not know what the documents are, he can find out from a 30(b)(6) witness and he should be able to relate the documents to this litigation without Plaintiffs help. Documents 448 – 547 are to remain designated "Attorneys' Eyes Only."

## Conclusion

For the above stated reasons, Defendant's Motion to Compel is denied. Plaintiffs' Motion to Modify Protective Order is granted in part and denied in part. This Court orders the "Attorneys'

Eyes Only" designation be removed from documents 411 – 447 and instead the documents be designated as "Confidential." As such, Plaintiffs may view documents 411 – 447 but must still adhere to the Agreed Protective Order. Additionally, Defendant is to designate a 30(b)(6) witness, if requested by Plaintiffs, to testify as to documents 448 – 547.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/12/03